UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IRVING OIL TERMINALS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 06-CV-48-P-S |
| v. | ) |
| | ) |
| P.P.C.O.M., INC., | ) |
| | ) |
| Defendant. | ) |

### ORDER

Plaintiff, Irving Oil Terminals Inc. ("Irving"), having filed its Complaint for Injunction, Other Equitable Relief and Damages dated March 6, 2006 (the "Complaint"), its Motion for Temporary Restraining Order and Preliminary Injunction, Pursuant to Federal Rule of Civil Procedure 65, and Incorporated Memorandum of Law dated March 6, 2006 (the "TRO Motion"), and its Emergency Motion for Appointment of Receiver of P.P.C.O.M., INC., and Incorporated Memorandum of Law dated March 6, 2006 (the "Receiver Motion"); Defendant, P.P.C.O.M., INC. (P.P.C.O.M., INC. and its affiliates, subsidiaries, divisions, sales entities, successors, assigns, officers, directors, shareholders, employees, servants, agents, and representatives being hereinafter collectively referred to as "Defendant"), having objected to the TRO Motion and the Receiver Motion, a hearing having been held on March 7, 2006 at 4:30 p.m. on the TRO Motion and the Receiver Motion, the parties having entered an agreement on the record regarding the entry of an Order with respect to the foregoing Motions, the Court, having considered the Complaint, the TRO Motion, the Receiver Motion, and the accompanying Affidavits, Exhibits, and Memoranda of Law filed in support thereof, and the arguments of counsel made at said hearing, having entered an oral Order on the record with respect to said agreement to be effective until 5:00 p.m. on March 8, 2006, and, based upon the agreement of the parties, this Court having entered its written Order on March 8, 2006, the parties now having further agreed to

additional terms and provisions as set forth below, and good cause having been demonstrated to the Court, **IT IS THEREFORE ORDERED THAT:**

1.      Immediately upon the closing of the secured party sale by and between TD Banknorth, N.A. ("TDBN") and the buyer (the "Sale Closing"), and the receipt of notification from TDBN that it has been paid in full by Defendant, Defendant shall be, and is hereby,

   a.     **PROHIBITED** from engaging in any further transactions regarding the transfer, sale, conversion, encumbrance, dissipation, disbursement, assignment, spending, withdrawal, perfection of a security interest in or other disposition of any of its property or assets that constitute security for the repayment of the indebtedness of Defendant to Irving or the Collateral of Irving as defined in the Complaint and that are owned or controlled, directly or indirectly, by Defendant, in whole or in part, or in the actual or constructive possession of Defendant, wherever located and in whatever form (all such property and/or assets being referred to hereinafter, collectively, as the "Property"), except to the extent necessary to comply with orders of this Court entered in this proceeding;

   b.     Subject to the preceding ordering paragraph, **ORDERED** to produce, deliver, and turn over to Irving possession and custody of all the Property other than any such Property that is validly and properly transferred to the buyer at the Sale Closing;

   c.     **ORDERED** to provide reasonable access during normal business hours (Monday through Friday 8 A.M. to 3 P.M.), subject to adjustment, in good faith, as circumstances may require, to all of Defendant's books, documents, accounts, data, and records, of any kind and in any format, tangible or electronic, wherever located and in whatever form, regarding or relating to Defendant's accounts with and obligations to Irving, the Property, any bank, financial or other accounts, and the business activities and

operations of Defendant from January 1, 2000, to the present, which are in its custody or possession or subject to its control, other than any such books, documents, accounts, and records that are validly and properly transferred to the buyer at the Sale Closing and excluding any such books and records that are subject to the attorney client privilege. Said books, documents, accounts, and records shall include, without limitation, and excluding any records that are subject to the attorney client privilege, (a) all business, financial and accounting books, records, accounts, data, and documents, balance sheets, income statements, bank records (including monthly statements, cancelled checks, records of wire transfers, and check registers), client lists, title documents, bills of lading, inventory reconciliations, electronic or paper invoices and receipts, and other papers of Defendant of any kind that relate to Defendant's business operations and practices; (b) all keys, computer passwords, entry codes, combinations to locks required to open or gain access to any of the same, wherever situated; (c) all contracts, accounting data, written or electronic correspondence, advertisements, computers and data in whatever form, hard drives, PDAs, BlackBerrys, Treos, computer tapes, discs, or other computerized or electronic records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, telephone bills, receipt books, ledgers, membership records and lists, refund records, receipts, appointment books, copies of federal, state or income or property tax returns, 1099 forms, title records, account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from accounts, all other debit and creditor instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs, and all other books, documents, accounts, or records of any kind that relate to Defendant's business operations and practices; and (d) all information

identifying the Property, and all accounts, employees, officers, directors, servants, agents, properties, or other assets or obligations of Defendant (collectively, the "Records");

      d.    **ORDERED** to preserve and to refrain from damaging, destroying, erasing, deleting, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any and all the Property in Defendant's possession, custody or control until Defendant produces, delivers, and turns over to Irving possession and custody of the same;

      e.    **ORDERED** to preserve and to refrain from damaging, destroying, erasing, deleting, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any and all the Records in Defendant's possession, custody or control until Defendant produces, delivers, and turns over to Irving possession and custody of true and accurate copies of the same;

      f.    **PROHIBITED** from collecting any and all Collateral, accounts receivable, and/or proceeds subject to Irving's security interest and/or any and all accounts receivable and/or proceeds derived from the sale of the Collateral in which Irving holds a security interest;

      g.    **ORDERED** to produce, deliver, and turn over to Irving possession and custody of copies of all the documents and other materials prepared and/or utilized at the Sale Closing to the extent provided to Defendant, and Defendant agrees to request the same from TDBN; and

      h.    **ORDERED**, as a continuing duty and obligation hereunder, to produce, deliver, and turn over to Irving possession and custody of copies of all of the Records, to the extent that Irving requested the same prior to the Sale Closing.

2. With respect to any bank, financial, brokerage institution or other accounts of Defendant, P.P.C.O.M., INC., Defendant shall:

    a. Provide Irving or Irving's counsel, within five (5) business days of the issuance of this Order, a statement setting forth:

        i. the identification number of each such account titled in the name of Defendant, P.P.C.O.M., INC., or held on behalf of, or for the benefit of, Defendant P.P.C.O.M., INC.;

        ii. the balance of each such account as of the close of business on the day on which the Order is issued and, if the account has been closed, the date closed, the total funds removed in order to close the account, and the name of the person or entity to whom such account funds were remitted; and

        iii. the identification of any safe deposit box that is either titled in the name of Defendant, P.P.C.O.M., INC., or is otherwise subject to access by Defendant, P.P.C.O.M., INC.; and

    b. Upon request by Irving, promptly provide Irving or Irving's counsel with copies of all records or other documentation pertaining to any such account, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from any accounts, all other debit and creditor instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

3. Copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody or control of any Property or Records of Defendant, or that may be subject to any provision of this Order; and

- 6 -

4.**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.


Dated:  March 14, 2006.<u>/s/ George Z. Singal</u>
George Z. Singal, Chief Judge
United States District Court