U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

MAR 2  2006

WILLIAM S. BROWNELL, CLERK
BY:
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IRVING OIL TERMINALS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 06-CV-48-P-S |
| v. ) | |
| ) | |
| P.P.C.O.M., INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff, Irving Oil Terminals Inc. ("Irving"), having filed, *inter alia*, its Complaint for Injunction, Other Equitable Relief, and Damages dated March 6, 2006 (the "Complaint"), its Motion for Temporary Restraining Order and Preliminary Injunction, Pursuant to Federal Rule of Civil Procedure 65, and Incorporated Memorandum of Law dated March 6, 2006 (the "TRO Motion"), its Emergency Motion for Further Hearing on Emergency Basis on Plaintiff's Motion for Temporary Restraining Order and Incorporated Memorandum of Law dated March 16, 2006 (the "Emergency Motion"), and its Supplemental Motion Regarding Plaintiff's March 16, 2006 Emergency Motion for Further Hearing on Emergency Basis on Plaintiff's Motion for Temporary Restraining Order and Incorporated Memorandum of Law dated March 20, 2006 (the "Supplemental Motion"), and this Court having conducted a hearing on the TRO Motion, the Emergency Motion, and the Supplemental Motion (collectively, the "Motions") on March 21, 2006 at 3:30 p.m., Irving and Defendant, P.P.C.O.M., INC., having entered into an agreement on the record regarding the entry of an Order with respect to the Motions, the Court having considered the Motions and the arguments made by all counsel who appeared at the hearing and, based upon the agreement of Irving and Defendant, P.P.C.O.M., INC., to the terms and provisions as set forth below, and good cause having been demonstrated to the Court, **IT IS THEREFORE ORDERED THAT:**

IRVING OIL TERMINALS INC v. PPCOM INC                                                                Doc. 44

1. Immediately upon issuance of this Order, Defendant, P.P.C.O.M., INC. (P.P.COM., INC. and its affiliates, subsidiaries, divisions, sales entities, successors, assigns, officers, directors, shareholders, employees, servants, agents, and representatives being hereinafter collectively referred to as "Defendant"), is hereby

    a. **ORDERED** to deliver, turn over, and surrender exclusive access, possession, custody, and control to Irving of (i) that certain quantity of #2 fuel oil, *i.e.* heating oil, consisting of approximately 435,250 gallons, currently contained in a certain 450,000 gallon fuel storage tank (the "Tank") located on Benton Avenue in Winslow, Maine, concerning which Tank Defendant, as lessee, entered into a certain Fuel Storage Tank Lease Agreement dated December 12, 2000 (the "Lease"), with Kennebec River Development Park, LLC, as lessor, and (ii) the Tank, and Irving may employ any and all necessary means to secure and maintain exclusive access, possession, custody, and control of the Tank and its contents, and Defendant shall cooperate with Irving as necessary; and

    b. **PROHIBITED** from engaging in any further transactions regarding the transfer, sale, conversion, encumbrance, dissipation, disbursement, assignment, spending, withdrawal, removal, perfection of a security interest pursuant to Article 9 of the Maine Uniform Commercial Code in, or other disposition of either the Tank or its contents.

2. Irving, and only Irving, shall deliver only oil from the Tank and only to the entities listed on the first page of Exhibit B to the Emergency Motion (collectively, the "Exhibit B Customers"), excepting only "Valley Dist.," up to the maximum amount of oil contained in the Tank as of the date of this Order, on an "as needed" basis, to fulfill the reasonable current oil needs of the Exhibit B Customers on a going forward basis from and after the date of this Order, to avoid run-outs and until the issuance of this Court's ruling on the claims of all interested

parties before the Court regarding any rights or interests in the oil, said delivery to be conditioned upon the receipt by Irving from any of the Exhibit B Customers of a written request for such delivery pursuant to Irving's customary terms of sale, which terms of sale shall be subject to and shall not conflict with this Order.

3. Upon issuance of this Court's final ruling on the claims of all interested parties before the Court regarding any rights or interests in the oil, and in the event that the Court's ruling establishes that Irving's right, title or interest in and to the oil contained in the Tank and prior to its removal from the Tank was superior to the right, title or interest of the Exhibit B Customers, then Irving shall have the right to submit invoices for the oil that Irving has delivered to the Exhibit B Customers at Irving's Searsport rack price as of the date of delivery, plus reasonable charges for freight. In the event that the Court's final ruling establishes that one or more of the Exhibit B Customers held an interest in the oil prior to its removal from the Tank and delivery to any Exhibit B Customer, which interest was superior to the right, title or interest of Irving in and to the oil, then Irving shall have no claim against such particular Exhibit B Customer for the oil or for the cost of delivery of the oil.

4. Irving makes no warranty as to the quality, merchantability or fitness for any particular purpose of the oil. If Irving, in its sole discretion, determines the oil to be below industry specifications, it will so notify each requesting Exhibit B Customer, who may elect to accept the oil or not, but if electing to accept such oil, shall accept it "as is."

5. Irving shall have no obligation hereunder to deliver to the Exhibit B Customers any gasoline, diesel or any other product not contained in the Tank.

6. The Court shall schedule expedited discovery and briefing, as necessary, going forward, to coordinate with the Court's hearing schedule. The Court has scheduled further

hearings in this matter on April 10, 2006, from 8:00 a.m. to 2:30 p.m. and on April 11, 2006, from 9:00 a.m. to 3:00 p.m.

    7.    Copies of this Order may be served by any means, including facsimile transmission, upon any person or entity that may be subject to any provision of this Order.

    8.    Entry of this Order is without prejudice to any rights, remedies, claims or defenses of Irving, Defendant or the Exhibit B Customers with respect to any matter not expressly made the subject of this Order, all of which rights, remedies, claims and defenses are expressly reserved and preserved. All Orders previously issued by the Court in this Action shall remain in full force and effect in accordance with their terms, except to the extent that the terms of any such previous Order are modified by the terms of this Order.

    9.    **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

Dated: March 22, 2006.

                                                                      George Z. Singal, Chief Judge
                                                                      United States District Court

SEEN AND AGREED TO:

| /s/ Fred W. Bopp III | /s/ George J. Marcus, Esq. |
|---|---|
| John H. Rich III, Esq. | George J. Marcus, Esq. |
| Fred W. Bopp III, Esq. | Counsel for Defendant, P.P.C.O.M., INC. |
| Counsel for Plaintiff, | |
| Irving Oil Terminals Inc. | |
| | |
| Perkins, Thompson, Hinckley & Keddy, P.A. | Marcus, Clegg & Mistretta P.A. |
| One Canal Plaza, PO Box 426 | 100 Middle Street, East Tower |
| Portland, ME 04112-0426 | Portland, ME 04101-4102 |
| (207) 774-2635 | (207) 828-8000 |
| jrich@perkinsthompson.com | gmarcus@mcm-law.com |
| fbopp@perkinsthompson.com | |